UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CARMEN D. GONZALO,

                Plaintiff,

      - against -

ALL ISLAND TRANSPORTATION and
LARRY BLESSINGER,

                Defendants.

----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-04-3452 (BMC)(        )

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 6 2007 ★
PM
TIME A.M.

**COGAN**, District Judge.

This employment discrimination case is before me on defendants' motion for summary judgment. For the reasons set forth below, defendants' motion is granted.

## Background

Defendant All Island Transportation is a "transport carrier," which I understand to mean a livery car service, serving the public on Long Island. It has a subdivision called Taxi Latino that targets the Hispanic market and accounts for about 10-15% of its business. In August 2003, defendant hired plaintiff, a bi-lingual woman of Cuban descent, as an Administrative Assistant.

In September 2003, plaintiff received a memo from defendant Larry Blessinger, All Island's Vice President, memorializing a policy stated at a staff meeting that "there is to be no Spanish spoken in the main office" unless a customer does not speak or understand English. Anyone heard speaking Spanish in the main office would be subject to termination. According to defendants, the "English-only" policy was necessary to avoid instances of miscommunication, particularly between taxi dispatchers and drivers.

The policy was confined to business matters in its main office space, which is a very large room adjacent to the smaller, separate space occupied by Taxi Latino, and did not restrict employees from speaking in Spanish outside of the main office during breaks. All employees in All Island's office speak English, and some, but not all of them, also speak Spanish. Plaintiff refused to sign the memo indicating that she understood the policy.

Plaintiff was terminated on November 21, 2003 for the stated reasons of tardiness and absenteeism. Soon after, she filed an administrative complaint alleging that defendants' policy discriminated against her in violation of Title VII of the Civil Rights Act. This suit followed.

## Discussion

A district court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). If the moving party meets its burden of proving its entitlement to summary judgment, the non-moving party must demonstrate that there is "evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

Plaintiff claims that defendants' maintenance of a limited English-only policy constituted discrimination against her based on national origin. Although there was some confusion in plaintiff's earlier submissions, she has since clarified that she is not claiming that she was terminated for refusing to adhere to the English-only policy. In fact,

2

defendants submitted unrebutted evidence that she was terminated for work-related deficiencies, namely, tardiness and absenteeism. Plaintiff's claim is that defendants' maintenance of the policy discriminated against her in violation of Title VII because it restricted her ability to speak in her native language. Thus, this is a disparate impact, not a disparate treatment, case.[1]

To establish a prima facie case of disparate impact, plaintiff must identify a specific practice or policy that, although seemingly neutral, has a disparate adverse impact on persons of a protected class. Conn. v. Teal, 457 U.S. 440, 444 (1982) (citing Griggs v. Duke Power Co., 401 U.S. 424 (1971)); 42 U.S.C. § 2000e-2(k)(1)(A)(i). A plaintiff must "(1) identify a policy or practice, (2) demonstrate that a disparity exists, and (3) establish a causal relationship between the two." See EEOC v. Sephora USA, LLC, 419 F. Supp. 2d 408, 413-414 (S.D.N.Y. 2005) (citations omitted). The burden then shifts to the employer to "demonstrate that the challenged practice or policy is job related for the position in question and consistent with business necessity." 42 U.S.C. §2000e-2(k)(1)(A)(i). If the employer succeeds in establishing a business justification, the burden of persuasion shifts back to the plaintiff to establish the availability of an alternative policy or practice that would satisfy the asserted business necessity, but would do so without producing the disparate effect. Robinson v. Metro-North Commuter R.R., 267 F. 3d 147, 161 (2d Cir. 2001).

The relevant EEOC guideline provides that "an employer may have a rule requiring that employees speak only in English at certain times where the employer can

---

[1] I assume familiarity with my December 1, 2006 Order in which I discussed this distinction.

show that the rule is justified by business necessity." 29 C.F.R. § 1606.7(b).[2] This guideline "essentially assumes that the existence of [an English-only] rule satisfies an employee's burden of establishing a prima facie showing of disparate impact and advances the inquiry to the second step of the burden-shifting framework." Sephora, 419 F. Supp. at 414. Several courts have rejected the guideline's approach as inconsistent with Title VII. See, e.g., Garcia v. Spun Steak, 998 F.2d 1480 (9th Cir.1993); EEOC v. Beauty Enterprises, Inc., No. 3:01CV378 (AHN), 2005 WL 2764822 (D. Conn. Oct. 25, 2005) (collecting cases). I decline to decide whether the burden of persuasion under the EEOC guideline is a proper interpretation of Title VII. Instead, I assume without deciding that plaintiff has made a prima facie case of disparate impact by showing that defendants promulgated a policy that restricts bi-lingual employees from speaking in Spanish at certain times, and therefore the burden shifts to All Island to demonstrate that the policy is justified by business necessity. See Sephora, 419 F. Supp. 2d at 414 (citing Fierro v. Saks Fifth Avenue, 13 F. Supp. 2d 481, 488 (S.D.N.Y. 1998)).

Based on the undisputed facts in the record, defendants have met this burden by showing that the English-only policy is "vital to [their] business." Conroy v. N.Y. State Dep't of Corr. Servs., 333 F. 3d 88 (2d Cir. 2003). Defendants operate a dispatch center handling calls from customer and communications to drivers relaying pickup information. Requiring employees to converse in English in the main office, except when the needs of a customer dictate otherwise, serves an essential business purpose by making sure that communications are not misunderstood. Because it is clear that the

---

[2] The policy at issue here was not a blanket prohibition on speaking Spanish at all times, as employees were free to speak Spanish during breaks and lunch hours and in any area other than the main office. Therefore, the EEOC's presumption under 29 C.F.R. 1607.7(a) that English-only rules "applied at all times" violate Title VII is inapplicable here.

policy was necessary to the operation of defendants' business, I see no reason to "sit as a super-personnel department that reexamines an entity's business decisions." Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir.1997) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir.1986)). Plaintiff has objected to the policy, but has failed to suggest that any alternative policy or practice would satisfy the business necessity of avoiding miscommunications.

Finally, I note that this is not a case in which a rule is applied to employees who speak no English or whose ability to speak English is limited. See, e.g., EEOC v. Synchro-Start Products, Inc., 29 F. Supp.2d 911 (N.D. Il.1999). Plaintiff seeks a right to speak Spanish in the workplace as a matter of preference. She has not alleged any inability to converse in English and therefore was not unduly burdened by the limited policy.

## Conclusion

Plaintiff has failed to raise a genuine issue of material fact that defendants' limited English-only policy imposed a disparate impact that discriminated against her on the basis of national origin. Defendants' motion for summary judgment is therefore granted, and the complaint is dismissed.

**The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.**

**SO ORDERED.**

S/Brian M. Cogan, USDJ

U.S.D.J.

Dated: Brooklyn, New York
February 20, 2007